UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-165 |
| | ) | (Phillips / Shirley) |
| JUAN FERNANDA BICKERSTAFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court for a hearing on defendant's Motion to Continue [Doc. 63]. Juan Bickerstaff was present with his attorney, Paula Voss. Assistant United States Attorney Tracy Stone represented the government.

On January 19, 2007, this Court originally ordered the defendant to be evaluated [Doc. 10], for purposes of assessing his competency to stand trial and his sanity at the time of the alleged offense. After the evaluation was completed, on April 4, 2007, the Court found Mr. Bickerstaff incompetent to stand trial [Doc. 14]. Pursuant to that finding, the Court ordered that Mr. Bickerstaff receive further mental evaluation and treatment in an effort to restore him to competence [Doc. 14], and directed that the United States Marshal to transport the defendant to a federal medical facility as designated by the Bureau of Prisons. Mr. Bickerstaff was delivered to the Bureau of Prison's Federal Medical Center at Butner, North Carolina ("FMC Butner") for evaluation. The Court

1

received a Forensic Psychological Report from FMC Butner Warden A. F. Beeler, as prepared by forensic psychologist Dr. Maureen L. Reardon. The report concluded that Mr. Bickerstaff was restored to competency and competent to stand trial.

A competency hearing was held on September 13, 2007. Defendant Bickerstaff and Dr. Reardon appeared and participated in the competency hearing by video-conference from FMC Butner. This Court found Mr. Bickerstaff competent to stand trial and he was returned to the Eastern District of Tennessee for that purpose. The United States Marshal then returned Mr. Bickerstaff to this jurisdiction for further proceedings. As the parties prepared for trial, they became aware that the forensic assessment did not include an opinion as to Mr. Bickerstaff's sanity at the time of the alleged offense.[1] The defendant and counsel for the government agreed that it is now necessary to obtain that forensic evaluation before proceeding with the case. Mr. Bickerstaff confirmed that he believes it is in his best interest to obtain an assessment of his mental competency at the time the offenses are alleged to have taken place and joined his counsel's request to continue the trial date.

The Court finds the Motion to Continue [Doc. 63] is well-taken. Failure to grant a continuance under these circumstances would deprive the parties of essential information necessary to the trial of this case. Given Mr. Bickerstaff's original incompetency to stand trial, the Court finds that failure to continue this case for the completion of the mental evaluation would be likely to result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(I). The Court finds that the ends of justice served by a continuance outweigh the interest of the defendant and the interest of the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Specifically, failure to continue the trial would wholly

---

[1] The report did reflect that during treatment to restore him to competency, Mr. Bickerstaff had stated that he did not wish to pursue a defense of insanity or diminished mental capacity.

deprive Mr. Bickerstaff of the ability to present a defense of insanity at trial although his counsel sought the appropriate evaluation at the time of the original request. Further, failure to grant a continuance would compel the United States to proceed with the prosecution of a defendant whose sanity is at issue.

Accordingly, it is ORDERED:

(1) That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric or psychological evaluation, pursuant to 18 U.S.C. § 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

(2) Because the medical staff at FMC Butner at Butner, North Carolina, is already in possession of data related to the alleged offense, as well as the recent records and treatment history of Mr. Bickerstaff from his competency evaluation, it is strongly recommended by this Court that the defendant be returned to that facility to complete the previously-ordered evaluation of his sanity at the time of the offense. Further evaluation at FMC Butner would minimize the further delay of the trial in this case and would necessarily produce the most efficient result for Mr. Bickerstaff who did not contribute to this delay.

(3) That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247 (c)

as soon as practical with copies to counsel for the government and the defendant, said report to include:

    a. the defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings;

    d. the examiner's opinions as to diagnosis, prognosis, and

    e. whether the defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

(4) That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility, and specifically that the treatment regimine used to restore him to competency be maintained at all times;

(5) That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

(6) That the psychiatrist/psychologist have access to all available medical records on the defendant. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a) Government's counsel:

    Tracy Stone
    Office of the United States' Attorney
    P.O. Box 872, Knoxville, TN 37902
    (865) 545-4167

    (b) Defense counsel:

       Paula Voss
       Federal Defender Services of East Tennessee
       800 South Gay Street, Suite 2400
       Knoxville, TN 37929-9714
       (865) 637-7979

       (c) Pretrial Services Officer:

       Carol Cavin
       800 Market Street, Suite 120
       Knoxville, TN 37902
       (865) 545-4001

(7) The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

(8) The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation.

(9) The trial in this case is reset to commence on **April 16, 2008 at 9:00 a.m.**, before the Honorable Thomas W. Phillips.

(10) This Court will conduct a status conference on **March 27, 2008, at 10:00 a.m.**.

(11) All time between the filing of the Motion to Continue [Doc. 63] on December 10, 2007, and the new trial date of April 16, 2008, is fully excludable from operation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge